BENJAMIN TRIPP, City Treasurer, *vs.* PATRICK J. NORTON & others.

In an action on a bond given to "the City Treasurer of the city of Providence," without inserting his name, and made payable "to said City Treasurer or his successor in office:" *Held*, that it was not a valid objection to the maintenance of a suit thereon, that the obligee was not named therein, the words "City Treasurer of the city of Providence" sufficiently stating who was the obligee.

The condition of a bond being, that "whereas," &c., "a license be granted to said principal to sell spirituous and intoxicating liquors at" (describing the place licensed), "Now therefore, if the said principal shall not violate any of the provisions of said laws, then the aforewritten obligation shall be void." *Held*, that a sale of liquor on Sunday in violation of law, by the obligee, in a place other than the premises licensed, was a breach of the condition of the bond.

ACTION OF DEBT on a bond of which the following is a copy : —

"LIQUOR DEALER'S BOND. — Know all men by these presents, that we, Patrick J. Norton, as principal, and William H. Greene and Daniel Donnelly, as sureties, all of the City and County of Providence, in the State of Rhode Island, are held and firmly bound unto the City Treasurer of the City of Providence, in said State, and to his successor in office in the full sum of one thou-

sand dollars, to be paid to the said City Treasurer or his successor in office, to the true payment whereof on demand, we bind ourselves, our respective heirs, executors, and administrators, jointly and severally, firmly, by these presents. Sealed with our seals, this 18th day of July, in the year of our Lord one thousand eight hundred and seventy (1870). The condition of this obligation is such, that whereas the Board of Aldermen, pursuant to the laws of Rhode Island, have voted that a license be granted to sell spirituous and intoxicating liquors at retail, to be drank on the premises, at No. 163 Eddy Street, for the term from the date hereof until the first day of July next ensuing, unless sooner revoked by said Board; and said principal has also paid to the City Treasurer of said City the sum of three hundred and fifty dollars, being the sum fixed by said Board for said license. Now, therefore, if the said principal shall not violate any of the provisions of said laws, then the aforewritten obligation shall be void.

*Signed, sealed, and delivered in presence of*    PATRICK J. NORTON. [Seal.]
JOHN MOORE.    WM. H. GREENE. [Seal.]
DANIEL DONNELLY. [Seal.]"

A jury trial having been waived, the case was submitted to the court, both upon fact and law, upon an agreed statement of facts, the essential parts of which were as follows: —

Patrick J. Norton, one of the defendants, was licensed on the 18th day of July, A. D. 1870, by the board of aldermen of the city of Providence, to sell spirituous and intoxicating liquors at retail, to be drank upon the premises, at No. 163 Eddy Street, in said Providence, and gave the bond in suit, with the other defendants as sureties. Said Norton sold whiskey on Sunday, September 25th, 1870, to be drank upon the premises, and received pay for the same in his dwelling-house, which is over the place licensed and in the same building, but which is not connected by any interior entrance with the licensed place, and the entrance to which is numbered 165 Eddy Street.

*Parkhurst*, for plaintiff.

*Updike & Van Slyck*, for defendants.

BRAYTON, C. J. This action was brought upon a bond given by the defendants to "the city treasurer of the city of Provi-

dence," without inserting his name, and made payable " to said city treasurer or his successors in office." The condition of the bond was, that " whereas the board of aldermen, pursuant to the laws of Rhode Island, have voted that a license be granted to said principal, to sell spirituous and intoxicating liquors at (describing the place licensed), at retail, to be drank on the premises, for the time from the date hereof until the first day of July next ensuing. Now, therefore, if the said principal shall not violate any of the provisions of said laws, then the aforewritten obligation shall be void."

The case was heard upon an agreed statement of facts, from which it appears that the defendant Norton was, on the 18th day of July, 1870, licensed by the board of aldermen of the city of Providence, to sell spirituous and intoxicating liquors at retail, to be drank upon the premises, at No. 163 Eddy Street, in said Providence, and gave, with the other defendants, the bond in suit, and that he sold whiskey on Sunday, September 25, 1870, at his dwelling-house, No. 165 Eddy Street, a place not connected with the place licensed.

Upon this statement of facts it is objected, that no suit can be maintained upon this bond, because the obligee is not named in the bond. The person to whom the defendants bound themselves, though not named, is described as being the city treasurer of the city of Providence, and they bind themselves to him as he is treasurer, and to his successors in said office.

It is clearly enough stated who is the obligee, and who was to sue in case of a breach of the condition, and in the admitted absence of any case, or any principle of law, upon which the proposition of the defendants may rest, we think we may say that it is not tenable, and must overrule the objection.

Another objection made to a recovery of this bond is, that though a sale of liquor made on Sunday is a violation of the law under which this license was granted, it is nevertheless no breach of the condition of the bond; that the condition not to violate any of the provisions of the law was intended to be limited to acts done upon the premises licensed, and not to apply to acts done elsewhere.

The language is quite too broad to be thus restrained. There is nothing in the words, nothing in the policy of the law, requir-

ing such construction. The general assembly might well enough intend that the man who obtains the license to sell, under the act, shall abide by it in all its provisions, and not make a mockery of asking leave to sell in a particular place, when he may intend to sell wherever he pleases, and the language, we think, requires this construction. There must be

*Judgment against the defendants for the penalty of the bond.*